UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, <br><br> Plaintiffs, <br><br> -against- <br><br> SKYWORX CONTRACTING INC. and PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br><br> Defendants. | 19 CV _____ <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1.  This is a civil action pursuant to section 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and section 220-g of the New York Labor Law ("NYLL"), to recover delinquent employer contributions to a group of employee benefit plans and to recover delinquent contributions pursuant to a payment bond.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.       Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4.       Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining, and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.       Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.       Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together with the ERISA Funds and the Charity Fund, the "Funds" or "Plaintiffs") is a New York not-for-profit corporation.

7.       Defendant Skyworx Contracting, Inc. ("Skyworx") is a company incorporated in and authorized to conduct business in the State of New York, with its principal place of business located at 129-08 143rd Street, Jamaica, New York 11436.

8.       Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") is a corporation authorized to do business within the insurance industry in the State of New York. Philadelphia has a statutory home office at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004.

**STATEMENT OF FACTS**

9. At all relevant times, Skyworx was a party to or otherwise bound by a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

10. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

11. The CBA required Skyworx to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12. Skyworx failed to remit all required contributions to the Funds in connection with Covered Work it performed under the contract number BW1519745, on the project titled "Mitchell Houses" (the "Project") located at 225 Alexander Avenue, Bronx, New York 10454, for the period of at least July 17, 2018 through August 24, 2018.  P&K Contracting, Inc. was the general contractor that subcontracted work to Skyworx on the Project.

13. Based on the Funds' calculations, Skyworx owes contributions for work performed on the Project in the amount of at least $19,834.02.

14. Philadelphia issued payment bond no. PB12048700068 (the "Payment Bond") guaranteeing payment of all wages and benefits owed by P&K Contracting, Inc. and its subcontractors, including Skyworx, in connection with work performed on the Project.

15. By issuing the Payment Bond, Philadelphia assumed liability for the payment of all contributions owed by Skyworx in connection with work they performed on the Project.

**FIRST CLAIM FOR RELIEF AGAINST SKYWORX**
*Unpaid Contributions Under 29 U.S.C. § 1145*

16. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

17. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

18. The CBA requires that Skyworx make contributions to Plaintiffs for all Covered Work it performed on the Project.

19. Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Skyworx is liable to Plaintiffs for: (1) unpaid contributions in the amount of at least $19,834.02; (2) reasonable attorneys' fees, and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST SKYWORX**
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

20. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

21. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

22. Skyworx violated the terms of the CBA when it failed to make all contributions due and owing for work it performed on the Project.

23. As a result of Skyworx's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of NYLL § 220-g*

24. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. New York Labor Law § 220-g provides that an employee that furnished labor to either the contractor or subcontractor may bring an action to recover unpaid wages and supplements, including interest, against the contractor, subcontractor-employer or bonding company.

26. As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of Skyworx's employees, Plaintiffs are entitled to recover any underpayments for work performed by said employees on the Project.

27. As a subcontractor-employer on the Project, Skyworx is liable to Plaintiffs for any unpaid benefit contributions in connection with Covered Work performed on the Project.

28. By issuing the Payment Bond, Philadelphia assumed joint and several liability with Skyworx for any and all benefit contributions owed by Skyworx in connection with Covered Work its employees performed on the Project.

29. Skyworx failed to make supplemental benefit payments to Plaintiffs for work performed by its employees on the Project.

30. In accordance with NYLL § 220-g, this action has been brought within one year of the date of the last alleged underpayment.

31. Therefore, Defendants are required to make payment to the Plaintiffs for the contributions due and owing by Skyworx, plus interest, on the Project.

## FOURTH CAUSE OF ACTION AGAINST PHILADELPHIA
*Common Law Claim Against the Bond*

32. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. Philadelphia issued a common-law bond on the Project.

34. Pursuant to the common-law bond, Philadelphia guaranteed the payment of benefits to Skyworx's employees on the Project and thereby assumed joint and several liability with Skyworx to pay any and all benefits due and owing as a result of Skyworx's failure to pay benefits for work performed on the Project.

35. Skyworx failed to make all required payments to Plaintiffs for work performed by its employees on the Project.

36. Therefore, under the common-law bond and pursuant to the principles of common-law suretyship, Philadelphia is required to make payment to the Plaintiffs for all contributions due and owing by Skyworx, plus interest, on the Project.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

　　i. Award judgment in favor of Plaintiffs and against Skyworx for its failure to pay Plaintiffs all contributions required by the CBA and/or for its failure to pay Plaintiffs all contributions owed on the Project;

　　ii. Award judgment in favor of Plaintiffs and against Skyworx for its failure to pay all contributions in the amount of at least $19,834.02;

　　iii. Order Skyworx to pay Plaintiffs all delinquent contributions, interest on unpaid contributions, liquidated damages, attorneys' fees, and collection costs incurred by Plaintiffs in connection with the Project and the Audit;

6

    iv.    Award judgment in favor of Plaintiffs and against Philadelphia for the amount of all contributions owed by Skyworx for work they performed on the Project, plus interest; and

    v.    Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       July 19, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:    /s/  
Charles R. Virginia, Esq.  
Nicole Marimon, Esq.  
40 Broad Street, 7th Floor  
New York, NY 10004  
Tel: (212) 943-9080  
nmarimon@vandallp.com  
*Attorneys for Plaintiffs*